UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------X
MONICA CARRILLO,

                              Plaintiff,      Index No.

     -against-                      **COMPLAINT**

                                                  **PLAINTIFF DEMANDS**
                                                  **A TRIAL BY JURY**

EMPIRE HOTEL SERVICES LLC D/B/A
CANOPY BY HILTON JERSEY CITY
ARTS DISTRICT, and RICHARD FOSTER,
in his individual capacity,

                              Defendants.
----------------------------------------X

    Plaintiff, Monica Carrillo, by and through his attorney, Slater Slater Schulman LLP, submits the following Complaint and complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and the New Jersey Law Against Discrimination ("NJLAD"), and seeks damages to redress the injuries Plaintiff suffered as a result of being discriminated against due to her sex, sexual harassment, hostile work environment based on sex, retaliation, and wrongful termination

## JURISDICTION AND VENUE

2. This action involves a question under Federal Law pursuant Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII").

3. Jurisdiction of this action is conferred upon this Court as this action involves a federal

question under Title VII. The Court also has supplemental jurisdiction over the State Causes of action.

4. Venue is proper in this District based upon the fact that at all times relevant Plaintiff resided in Jersey City, New Jersey within Hudson County, within the District of New Jersey.

5. On or around March 19, 2021, Plaintiff filed a charge with the EEOC against Defendant Empire Hotel Services LLC d/b/a Canopy by Hilton Jersey City Arts District.

6. On or around April 18, 2022, Plaintiff received a Right to Sue Letter from the EEOC.

7. Plaintiff exhausted her administrative duties and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

## THE PARTIES

8. Plaintiff is an individual female who resides in Jersey City, New Jersey.

9. Defendant Empire Hotel Services LLC d/b/a Canopy by Hilton Jersey City Arts District ("Empire") was and still is a domestic business corporation organized and existing by virtue of the laws of the State of New Jersey.

10. Upon information and belief, Defendant Empire solicits business within the state of New Jersey.

11. Upon information and belief, Defendant Empire derives substantial revenue from services rendered in the State of New Jersey.

12. Defendant is a covered employer within the meaning of the NJLAD (N.J.S.A. § 10:5-12) and Title VII.

13. Defendant Richard Foster was Defendant's Chief Operating Office, Plaintiff's manager, and upon information and belief had hire and fire authority.

## FACTS

14. At all times relevant hereto, Plaintiff is an individual female, residing in Jersey City, New Jersey.

15. Plaintiff was contacted by Jill Foster (wife of Richard Foster) through Indeed and was hired immediately.

16. Plaintiff started working at Empire on or around August 13, 2020, as a Housekeeper.

17. Her employer did train her in anti-harassment procedures.

18. Defendant's Chief Operating Officer Richard Foster trained her in anti-harassment procedures.
19. Despite training her personally, Defendant's Supervisor became sexually inappropriate with Plaintiff almost immediately.
20. Ms. Carrillo reported to Defendant's Chief Operating Officer Richard Foster, daily.
21. Defendant Foster would make inappropriate comments to Plaintiff.
22. Defendant's Chief Operating Officer Defendant Foster called Plaintiff a "bitch" multiple times to her face.
23. One day, Plaintiff was cleaning showers in the hotel rooms. Defendant's Chief Operating Officer Defendant Foster came in and made the following inappropriate comment "**You know women, don't go in the shower with clothes on.**"
24. Plaintiff was very uncomfortable. She did not address the comment as she felt she was putting her job at risk.
25. Defendant's Chief Operating Officer Defendant Foster has brushed against Plaintiff multiple times at the workplace. Any time he has brushed against her, Plaintiff would move away and state the following comment "you shouldn't be here."
26. Another time, Plaintiff was bending over for cleaning purposes. As she was cleaning Defendant's Chief Operating Officer Defendant Foster made the following comment "**the way you bend over..., you look sexy**."
27. Around August 2020 Defendant's Chief Operating Officer Defendant Foster made the following comment "**you're short like my wife, but you have a different body type.**"
28. Plaintiff felt very uncomfortable as Defendant's Chief Operating Officer Defendant Foster was speaking about her body.
29. Plaintiff has addressed her concerns to Defendant's Chief Operating Officer Defendant Foster multiple times of her discomfort, and for him to stop.
30. However, the harassment persisted.
31. In or around August 2020 Plaintiff contacted Defendant's Human Resources about the incidents, however there was no response.
32. On or around September 2020 Plaintiff received a voicemail from that stated she has been terminated, due to her lack of work ethic, and "lying" on her resume.
33. Plaintiff has never received any sort of write-ups, and/or complaints from the entity.

34. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.
35. The above are just some of the examples of unlawful conduct to which Defendants subjected Plaintiff to on an ongoing basis.
36. Defendants intentionally discriminated against Plaintiff based on his age.
37. Defendants exhibited a pattern and practice of sexual harassment and retaliation.

## AS FOR THE FIRST CAUSE OF ACTION
*(Title VII – Not Against Any Individual Defendant)*

38. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.
39. Title VII states in relevant parts as follows: § 2000e-2. [Section 703](a) Employer practices: It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."
40. Defendant employer engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender/sex sexual harassment and created a hostile work environment based on sex.

## AS FOR THE SECOND CAUSE OF ACTION
*(Title VII – Not Against Any Individual Defendant)*

41. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

42. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to … discriminate against any of their employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

43. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because she opposed Defendant's unlawful employment practices.

## AS A THIRD CAUSE OF ACTION UNDER NEW JERSEY STATE LAW

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows: " It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of race . . , color, national origin . . , sex.. to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." Defendants engaged in unlawful discrimination by discriminating against Plaintiff as set forth herein.

46. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the New Jersey's Law Against Discrimination.

## AS A FOURTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so." 106. Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

49. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) et. Seq.

50. As such, Plaintiff has been damaged as set forth herein.

## AS A FIFTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to

do so." 106. Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiffs as set forth herein.

53. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) et. Seq.

54. As such, Plaintiff has been damaged as set forth herein.

## JURY DEMAND

The Plaintiff demands that the foregoing causes of action be tried before a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, MONICA CARRILLO, demands judgment against Defendants in an amount to be determined at trial plus interest, including, but not limited to, all emotional distress, back pay and front pay, punitive damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Melville, New York
May 31, 2022

SLATER SLATER SCHULMAN LLP

*John C. Luke, Jr.*
John C. Luke, Jr.
445 Broadhollow Road, Suite 419
Melville, New York 11747
6314209300
*Attorneys for Plaintiff*

**DEMAND TO PRESERVE EVIDENCE**

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.